UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ZEBULON J. MANUEL<br>CORA MANUEL | CIVIL ACTION NO. 09-CV-0795 |
| VS. | JUDGE DOHERTY |
| STRYKER ORTHOPAEDICS<br>  F/K/A Howmedica/Osteonics<br>STRYKER SALES CORP.<br>STRYKER CORP. | MAGISTRATE JUDGE METHVIN |

## RECOMMENDATION OF DISMISSAL

Plaintiffs have failed to comply with several court orders, and failed to appear at a show cause hearing on February 26, 2010. For the reasons set forth below, the undersigned recommends that plaintiffs' claims be dismissed with prejudice for failure to prosecute under Rule 41(b) and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(A)(v).

### *Background*

Plaintiff Zebulon Manuel alleges that he underwent back surgery for back pain and that a "Stryker spine" was inserted which subsequently broke resulting in injury.

On September 29, 2009, Gary J. Arsenault, counsel of record for plaintiffs, filed a motion to withdraw which the Court granted on September 30, 2009 [Rec.

Docs. 3, 5]. Plaintiffs were given until October 29, 2009 to either enroll new counsel or to notify the Court that they would proceed *pro se*.

Plaintiffs did not state their intention to proceed *pro se* and on January 7, 2010 the Court entered a *Notice of Failure to Comply and Order* requiring plaintiffs to do so on or before January 10, 2010 (Rec. Doc. 7). Plaintiffs were explicitly warned that a "failure to comply with this order will warrant the imposition of the sanctions authorized by F.R.Civ.P. 16(f), including possible recommendation of dismissal of the action for failure to prosecute and violation of court orders."

Plaintiffs again did not comply and a hearing was set for February 26, 2010 at 10:00 for plaintiffs to appear and show cause why sanctions should not be imposed for failure to comply with the Court's orders. Plaintiffs were again notified that a failure to comply with the order would warrant the imposition of sanctions authorized by F.R.Civ. P. 16(f), including the possible dismissal of the action.

Plaintiffs failed to appear at the show cause hearing.

### *Legal Analysis*

Rule 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

3

(f) Sanctions.

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Under Rule 37(b)(2)(A) (v) the district court is specifically authorized to dismiss a claim. F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases. Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.TX. 1998).

In addition, Fed.R.Civ.P. 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute. Such dismissal may be pursuant to a defense motion or upon the court's own motion. Colle v. Brazos County, Texas, 981 F.2d 237, 242-243 (5th Cir.1993), *citing* Lopez v. Aransas County Ind. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). The authority for such dismissal is based on the court's power to manage and administer its own affairs, and to ensure

4

the orderly and expeditious disposition of cases.  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir.1992); Colle, 981 F.2d at 242-243.  The decision of the Court must be upheld on appeal unless it can be said that the court abused its discretion.  Colle, supra.

    Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits.  Berry, 975 F.2d at 1191; Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir.1982).  Dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the court employed lesser sanctions which proved to be futile.  Colle, 981 F.2d at 237.  In most cases, where the Fifth Circuit affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct.  Id.

    As detailed above, the plaintiffs have failed to comply with court orders, even after several chances to comply.  The failure to prosecute, and the delay caused thereby, were due to plaintiffs' inaction and were not the fault an attorney.  The record shows that copies of all orders were mailed to plaintiffs at their address

5

of record and they were not returned. The Court must assume that plaintiffs' failure to comply with the several orders in question was an intentional act. Repeated efforts by this Court to contact plaintiffs regarding this litigation have been fruitless. There is nothing to indicate that plaintiffs'refusal to prosecute is unintentional or accidental.

## *Conclusion*

In light of the foregoing, the undersigned **RECOMMENDS** that this case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) and for failure to comply with court orders pursuant to Rules 16(f) and 37(b)(2)(A)(v).

## *Objections*

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an**

**aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on February 26, 2010.

/s/ Patrick J. Hanna
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)